The fourth district appellate court of the state of Illinois has now convened. The Honorable James A. Kinect presiding. This is our case number 421-0315, People of the State of Illinois v. John Watts. Counsel for appellate, please state your name for the record. My name is Leo Draws with the Office of the State Appellate Defender, representing Appellant John Watts. Thank you. And for the appellee. John Zimmerman on behalf of the state. You may proceed. Thank you, Your Honors. May it please the court. Counsel, my name is Leo Draws and I represent Appellant John Watts. Mr. Watts gave up his rights and entered an unknowing guilty plea based on a charge that the state could not prove. And his attorney never informed him that the charge was unviable. Because of the complicated procedure that brings this case before you today, I want to offer a brief roadmap. First, this case begins with plea counsel Ortega's ineffectiveness. Ortega never contested the unviable armed violence charge, and he never informed Mr. Watts about the unviability of that charge. That led to Mr. Watts entering an unknowing guilty plea where Mr. Watts thought the mandatory minimum sentence was 19 times higher than it actually was in reality. Post plea counsel quorum and appellate counsel were also ineffective here. Their errors compounded, leading to forfeiture on direct appeal. Now, Mr. Watts is forced to raise these issues in a post conviction petition to finally get his day in court here. That petition was wrongly dismissed by the circuit court for two reasons. First, Mr. Watts stated the gist of those claims, and second, those claims were not barred by res judicata. As a result, this court should reverse for the second stage of post conviction proceedings and the appointment of counsel. So first, let's look at Ortega's ineffectiveness here. And I want to note that the standard for ineffective assistance of counsel at this stage here, at the first stage of the post conviction proceedings, is a little bit different than the normal Strickland analysis. It's a little bit different than the just deficient performance and prejudice. And that is under the Illinois Supreme Court case, People v. Hodges, the defendant just needs to show that counsel's performance was arguably deficient, arguably deficient, and that the defendant, as a result of that arguably deficient performance, suffered arguable prejudice. Well, this all begins with Mr. Ortega's deficient performance. The armed violence charge here was unviable because it was predicated on attempted robbery. It was never viable and has never been argued to be viable at any stage in Mr. Watts's case here. And we can look at the Illinois Supreme Court case, People v. Taylor, which shows that on the account of the legislative amendments to the statute. Now, there was no reason for Ortega not to contest a clearly unviable charge here. His conduct shows obvious ignorance of the law, which if we look at the U.S. Supreme Court case, Hinton v. Alabama, ignorance of the law is a quintessential example of unreasonable performance. Now, moving on to the arguable prejudice that Mr. Watts suffered as a result of Ortega's deficient performance, I see four categories here. The first category relates to trial rights. Numerous times, Mr. Watts said he would have gone to trial if not for Ortega's errors here. Mr. Watts said that he took the guilty plea because the state dismissed the armed violence charge. The unviable armed violence charge. Mr. Watts relied on Ortega informing him about the law. Ortega failed to do so. Can you stop there for a moment? And this is on the hearing on the amended motion to withdraw guilty plea. Is that right? Yes, your honor. Is it as clear as you're making it out to be here in terms of his insistence that he would not have pled guilty if that armed violence charge was was not there? I mean, wasn't the the questioning and the responses he gave pretty muddled when it came to whether or not he actually was saying that he wouldn't have pled guilty, but for the existence of the armed violence charge? Your honor, if we look at the full context of Mr. Watts's answers in that that that hearing on the amended motion to withdraw the guilty plea, Mr. Watts is saying that the state's dismissal of the unviable armed violence charge is what led to him taking the guilty plea. I want to specifically look at pages 233 and 234 of the record. We have the question, why did you plead guilty then to counts one and two? Quorum asks Mr. Watts, he answers, I pled guilty because I felt like I had no other choice because counsel, that being Ortega, told me either I take this deal or I go to trial on all charges. Well, we know that he couldn't have gone to trial on all charges because the count one, the first count, the most serious count armed violence, it wasn't viable. When asked, so why did you not go to trial then? Mr. Watts answers, I was misled into pleading guilty. And then later on, counsel asks, and part of your plea negotiation and you taking that plea that you did was for the dismissal of the armed violence charge, is that correct? Mr. Watts says, yes. So you relied on Mr. Ortega knowing the law, telling you that the armed violence charge would be dismissed in exchange for a lesser plea to the other two charges, is that correct? Mr. Watts again answers, yes. So I think that in combination with the numerous pro se motions that Mr. Watts wrote and in his post-conviction petition where he says that, but for Ortega's error, I would have gone to trial. I wouldn't have taken the guilty plea. Well, didn't you leave a little something out after the part about being misled? Because defendant answered, I was misled because the state had evidence that the victim was shot with his back turned. Sure, and again, these are cleaned up transcripts here on the point of the question. Mr. Watts does also make reference constantly throughout his entire case that he did, like you're suggesting, have evidence about things that would relate to his self-defense claim, which I believe that's what you're referencing there, Mr. Watts having sort of initially at one point conflicting evidence in terms of what he knew about the facts of the case because of how Ortega presented it to him, that would relate to his self-defense claim. And that is actually the second category of arguable prejudice that Mr. Watts faced here, relates to his self-defense claim. He consistently maintained that he had a self-defense claim that he wanted to raise, but ultimately he gives that up because the state drops the armed violence charge. And I want to note that Mr. Watts' self-defense claim here, it's rational given the facts of the case, given Mr. Watts' defense here. He says, Moutre, he has a knife on him. He comes at him, he jumps at him, he lunges at him with this knife. And that as a result causes Mr. Watts to take self-defensive actions like he did. How can he establish arguable prejudice in that regard when he admitted to the police that he intended to rob the victim, Moutre? How do you pronounce his name? I don't know the exact pronunciation, your honor. I'll just say the victim. He admitted to the police that he intended to rob the victim. He went into it with a gun and he shot him. He admitted to the police that he overreacted and that he knew what he did was wrong. It seems like he has a very steep hill to climb in terms of establishing arguable prejudice in regards to his assertion that he had a claim of self-defense he could make. How do you respond to that? Your honor, I would respond by saying that's a credibility determination to make. The credibility between the police officer's report and some of Mr. Watts' initial statements to police versus Mr. Watts' claim that he had this self-defense claim that he wanted to raise. And we look at the Illinois Supreme Court case, People v. Robinson, that we're just too early in this post-conviction process to be making- Is there anything in the record that establishes that he gave that statement to the police under duress that he was forced to say these things, that he was under the influence at the time? I mean, this is an admission. What is it that we are being pointed to on the record that would establish that admission was invalid? So related to that, your honor, I believe that, again, this is a credibility contest here. And again, that this is the first stage of the post-conviction proceedings is far too early to be making this credibility determination. We didn't get to judge the credibility of these conflicting statements because the armed violence charge caused Mr. Watts to give up his right to go to trial and his right to raise that self-defense claim. I'm sorry, if you could clarify, what credibility determinations are key here where you're saying that this is first stage and it needs to continue on? What credibility determination are you saying needs to be made here? The credibility determination, your honor, lies between this police report and what Mr. Watts' initial statements were to police here versus the facts of the case here that Moultrie did have a knife on him and that Mr. Watts says that Moultrie was the first one to take action here, that he lunged with the knife at him. If I understand correctly, that at the first stage, when there is no evidence that would indicate fabrication or coercion or duress, that we are nonetheless supposed to discount a defendant's admission and consider that there might be a credibility issue, and I'm not even sure how to frame this because it doesn't make any sense when I say it, but that we can't find that admission to be credible in the absence of anything that conflicts with it? Your honor, further related on that, Mr. Watts does state that there's a credibility issue here. He says that he, at the time that he gave those statements, that he wasn't aware of certain facts. He had been led to believe that Moultrie had been shot toward the back rather than at his front, which would be consistent with Mr. Watts' claim of self-defense. So I think that there's a lot of credibility determinations to make here and as to what necessarily informed Mr. Watts' initial statements to police versus him learning about the evidence and having a clearer head, a clearer idea of what actually transpired in front of him. Going back to your prejudice argument relative to the armed violence charge here and that he wouldn't have pled guilty. When you just take the 12 year sentence that he got in this case, one of the viable charges that he pled guilty to was aggravated battery with a firearm. That was count two. And that was punishable by between six and 30 years. Is that right? That is correct, your honor. So the midway point in that sentence, if you were to find a mid point would be 18 years. A six years, he got six years less than the mid point that potential range. He had a pretty substantial prior record, a number of felonies that he had been convicted of. How is it that this was arguably prejudicial when you just look at the sentence he ultimately received here? Yes, your honor. And I want to say that this sentencing liability is the third category, I believe, where Mr. Watts was prejudiced. I think it's important. And the full sentencing context is outlined in the brief. And it's somewhat complicated, but it's important to look at the fact, the huge disparities in the mandatory minimums here. Like you said, aggravated battery, which is count two, carries a mandatory minimum of six years. Mr. Watts didn't know that. He thought, if I go to trial on all three of these counts and I'm convicted on all three of these counts, my mandatory minimum on count one is 25 years. He's not going into this thinking that, well, my mandatory minimum on count two. And if you run that concurrent with count three, it's six years. That's a 19-year difference. And I think that context is needed in terms of looking at arguable prejudice. I mean, to me, 19 years, that shows definitive prejudice here in terms of the mandatory minimums. And furthermore, related is category four of the prejudice. It relates to plea bargaining position. Mr. Watts would have undoubtedly been in a better position to negotiate a plea bargain if he didn't think that the mandatory minimum, if he's convicted of count one, is 25 years. What if the trial court had sentenced him to seven years? Would you be able to make the same argument? I think that that would definitely fall more in line with being arguable prejudice rather than, I believe this is a clear example of actual prejudice that could be proven even under the heightened Strickland standard here. Seven years is far closer, obviously, to the mandatory minimum of six years here. But furthermore, Mr. Watts's decision to enter this guilty plea is complicated by the fact that we have this unviable charge. Mr. Watts doesn't know it's unviable. And therefore, Mr. Watts wrongly, but reasonably, thinks that he's looking at a 25-year minimum. And having stated that arguable prejudice with respect to Ortega's conduct, I'd like to transition more here to post-plea counsel, to Stephanie- Counsel, I wanna stop you there. Hasn't this court heard all of these arguments before or couldn't have this court heard all of these arguments before? In other words, some of your arguments seem to me to be res judicata, some seem to be forfeited. Would you address that? Yes, I would absolutely address this. I argue that, and Your Honor, I still maintain that res judicata and forfeiture don't apply here. First, I'd note that the Illinois Supreme Court case, People v. Whitehead, if this court does find that res judicata or some level of forfeiture applies to any of these issues in these arguments, res judicata and the doctrines of waiver and forfeiture are relaxed anyway, in instances where appellate counsel is ineffective. And as I set forth in the brief, and I hope to get to here in oral argument, appellate counsel's errors compounded all these errors and led to forfeiture on direct appeal. And- Well, now, on direct appeal, didn't this court excuse the forfeiture that you're talking about? And now you want us to excuse it again and rehear the same arguments? I don't quite follow that. No, Your Honor, this court did not entirely excuse forfeiture here on direct appeal. And I would particularly look at paragraph 28 of this court's decision on direct appeal to show exactly what this court looked at with respect to Ortega's ineffective assistance of counsel. And furthermore, I would note that both arguments, both main arguments that Mr. Watts is bringing here, this court found both of them were forfeited on direct appeal. And in order for something to be res judicata, it must have been actually decided on direct appeal. And these weren't here. In particular, in paragraph 28 of this court's decision, we have this court stating that even assuming Mr. Watts can establish plea counsel, that's Ortega's performance, was deficient, he is unable to establish prejudice. Well, why is that? Why is he unable to establish prejudice on direct appeal? Look at the next sentence. He attempts to establish prejudice merely by stating that he stated in five separate occasions, sorry, five separate motions, he wouldn't have pled guilty absent the error. He provides no elaboration, no further elaboration on this conclusory allegation, nor does he suggest the existence of a plausible defense to the charges filed against him. Well, what about the self-defense claim? Mr. Watts has been raising the self-defense claim the entire time. What did this court have to say about that on direct appeal? Well, this court noted that the record did have a self-defense claim, although we note the defendant made several broad allegations pertaining to a possible self-defense claim. In his initial pro se motion, he doesn't address those allegations again on appeal, which means that appellate counsel did not raise these self-defense claims on appeal, which means that this court did not examine the full merits of prejudice as a result of Ortega's deficient conduct on direct appeal. Therefore, this issue wasn't, it's not fully decided on its merits and it's not barred by the doctrine of res judicata. And just looking at briefly, I know my time is closing here quickly, looking at appellate counsel's prejudice. Appellate counsel here on direct appeal raised two claims without any or neither claim, neither argument was preserved in any way and appellate counsel didn't seek to preserve on direct appeal either argument anyway. The ultimate result is that these arguments were both forfeited. I see that my time is up. So if there are no further questions, your honors, for these reasons- We'll hear from you on rebuttal. Thank you. Thank you, your honors. Mr. Zimmerman, rebuttal. Yes, your honor. May it please the court. Counsel, good afternoon. My name is John Zimmerman. I'm an appellate prosecutor here on behalf of the state from the fourth district. As your honors are aware that in short, the state's position is that the trial court did not err in dismissing defendant's post-conviction petition at the first stage. Initially, the state would argue that the claims are barred by res judicata. As we were just discussing on direct appeal, this court agreed with the state that defendant forfeited these claims. He now re-raises in his post-conviction petition. Yet it nevertheless addressed the merits of the ineffective assistance of counsel claims in order to reach a just result. This court affirmed and held that defendant could not establish prejudice as he provided no elaboration on his conclusory allegations, nor did he suggest the existence of a plausible defense, even though he briefly mentioned self-defense on several occasions. As a result, he failed to demonstrate that plea counsel rendered ineffective assistance. Here in this post-conviction petition, this is essentially the exact same claims that he previously raised. Their conclusory, this court has already rejected them, and the state would request that they be barred by res judicata. If this court would disagree with that, then the same reasoning that this court utilized on the direct appeal still applies to these claims. As your honors are aware, when a guilty plea is challenged on ineffective assistance grounds, the prejudice prong of Strickland is satisfied if a reasonable probability exists that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Recently, and people first had her. Counsel, could I stop you there? Opposing counsels seem to suggest that the Strickland standard, as applied to this case, is different. I think he used the term sort of reasonably prejudiced, arguably prejudiced. Do you agree with what his argument was? I'm not sure I completely followed it, but in short, what is our standard here? Yes, your honor, the state would agree that it would be arguable prejudice, whether he can show it's arguable that he would have insisted on going to trial, whether it's arguable that he would have been successful at trial. So yes, I would. Is that different than the Strickland standard? Well, technically. Or is it semantics? I would say it is semantics, your honor. And that is just what I was going to refer to. Our Supreme Court, Illinois Supreme Court and People v. Hatter discussed this in depth. It's a first stage dismissal. And the actual question is, we must ask whether the defendant arguably would have been better off rejecting the plea offer and insisting on a trial. And as set forth in our brief, the state's position is that defendant's claims are frivolous because he fails to allege that, but for any error, he would have insisted on going to trial. He would not have pleaded guilty and that it would have been rational, arguably rational under the circumstances. If you look at his defendant's post-conviction petition, it's clear he does not establish an arguable reasonable probability. It's a difficult petition to review because in the record, the pages are flipped, but I've attempted to read it multiple times and his insistence on going to trial is not very strong. And throughout that petition, you really have to even find the word trial in it, let alone his insistence or success at a potential trial. So the state's position would be that the post-conviction petition is insufficient, conclusory, and is not enough to establish prejudice. Similar to his direct appeal, although defendant makes several broad allegations regarding self-defense, he fails to explain how they demonstrate he had a plausible defense. As your honors were discussing, even in direct appeal, this court phrased the facts as defendant additionally advised that although the victim did pull out a knife, defendant did overreact by shooting at him and knew what he did was wrong and against the law. At the motion to withdraw the guilty plea hearing, there was also questioning about there being potential other witnesses and testimony regarding the event. Thus, defendant arguably failed to show that he had a plausible defense and cannot show prejudice. Additionally, his petition does not establish that there's an arguable advantage to him withdrawing the plea and it would not have been arguably rational to do so under the circumstances. As we were just discussing the sentencing ramifications, the states argued in its brief that the 30-year maximum sentence defendant faced in this case was only 10 years shorter than the 40-year maximum on count one and was significantly longer than the 12-year sentence he received as a result of the plea. And as your honor pointed out, he did have a significant criminal history and would likely have received a more serious sentence. So it was not rational for him to want to withdraw his plea, insist on trial. He would likely be unsuccessful at trial and his petition fails to arguably show prejudice. As he fails to show how plea counsel is ineffective due to the lack of arguable prejudice, post plea counsel and appellate counsel can also not be ineffective for not raising these issues. Thus, the trial court properly dismissed defendant's petition and the state would request this court to affirm the trial court's judgment. And if there's no further questions, the state would rest. I have a question. Was one of the considerations defendant received for pleading guilty the dismissal of the armed violence count? I believe that is correct. Is that a problem? Because that's a pretty significant consideration and it was a completely invalid one. Does that make any difference? I think due to the wording and the pleading within the post conviction, I would have to review the exact wording to see if that was pled within there and how he stated it. But the state would again reassert that the petition overall failed to show arguable prejudice. I'm not sure if that answered your question, Your Honor. I apologize. I see no more questions. But the state will stay with us. Thank you, Mr. Zimmerman. Rebuttal, Mr. Goss. Very briefly, Your Honors. Thank you. I want to again note that res judicata here under the Illinois Supreme Court case people be whitehead. It's relaxed. And looking at the state's arguments here, everything sort of boils down to whether or not Mr. Watts was prejudiced by Ortega's conduct, by his prejudice, arguably prejudiced by his deficient performance. And I think that that arguable prejudice, arguably deficient performance, I don't think that's semantics. Our Supreme Court set forth that standard. I think that means something. I think that the Supreme Court doesn't set forth a standard based on simply semantics. With respect to prejudice, I again want to say that this court on direct appeal did not examine Mr. Watts' self-defense claim that he wanted to raise. It noted that it was in the record, but it didn't take it into account when determining whether or not Mr. Watts was prejudiced. It only took into account the fact that appellate counsel said in five separate motions, Mr. Watts said he wouldn't have gone to trial. Well, I presented those other three categories of arguable prejudice that Mr. Watts suffered. And again, I want to note here, related to sentencing liability, the state simply ignores, it has no response for the fact that the mandatory minimums in these sentences between let's just look at count one and count two, the mandatory minimum between 25 years in prison and six years in prison, it's 19 years. It's served at 85%. So it's awfully close to 19 years in real time, the difference between those mandatory minimums that Mr. Watts thought he faced. And also I want to address the quality of writing of Mr. Watts' petition that seems to be attacked here, that it's difficult to read, that it's not clear. I went through this procedurally a little bit at the beginning. Mr. Watts' case had to be remanded by this court at least three times for the simple filing of a 604D certificate. Mr. Watts has a lot of claims. There's a lot of issues and ways that he views he was wronged by virtually every counsel that represented him along the way here. And again, this is a pro se petition. It's not as good or as high of a level that me or opposing counsel might write a brief at. This is pro se. It's the first stage of post-conviction proceedings. And he states the gist of his claims. Furthermore, as I set forth, res judicata does not bar these claims. And for those reasons, if there are no further questions from your honors, this court should reverse the circuit court's decision and remand for the second stage of post-conviction proceedings where Mr. Watts can have the appointment of counsel. Thank you, your honors. Thank you both counsel for your arguments. We will take this matter under advisement. Thank you.